# United States District Court
# Northern District of Indiana

| | |
|---|---|
| JACK R. HIATT, | )<br>)<br>) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:14-CV-2013 JVB |
| v. | )<br>) |
| INDIANA DEPARTMENT OF<br>CORRECTIONS, et al., | )<br>)<br>) |
| Defendant. | ) |

**OPINION AND ORDER**

Jack R. Hiatt, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. (DE 2.) Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Under federal pleadings standards, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). Instead, the plaintiff must provide sufficient factual matter to state a claim that is plausible on its face. *Ray v. City of Chicago*, 629 F.3d 660, 662-63 (7th Cir. 2011).

Hiatt is currently an inmate at the Westville Correctional Facility ("Westville"). He alleges that he developed a skin rash while being processed at the Reception Diagnostic Center ("RDC"). He informed RDC health care staff about the rash and cysts that were on his neck and was

prescribed antibiotics. Hiatt was then transferred to Westville. After complaining about his skin conditions, Hiatt was seen by Dr. Liu who prescribed antibiotics for both the cysts and skin rash. Although Dr. Liu admitted he did not know what the rash was, he stated that the antibiotics should help. They did not. Hiatt's skin problems continued and he was seen by the nurse who referred him back to Dr. Liu.

Dr. Liu stated that he still did know what the rash was, but believed it to be a butterfly rash. Dr. Liu prescribed a steroid shot for the rash and more antibiotics for the cysts. Hiatt informed Dr. Liu that he previously had been seen by Randall Dermatology for similar problems, and was diagnosed with some sort of foliculitis. Dr. Liu requested Hiatt's medical records from Randall Dermatology. After obtaining the medical records, Dr. Liu informed Hiatt that Randall Dermatology's records showed Hiatt was diagnosed with acne. Dr. Liu told Hiatt that he does not treat acne because it is cosmetic. Nevertheless, Dr. Liu gave Hiatt a cream for the rash and more antibiotics. Hiatt disagreed with the diagnosis and maintained that Randall Dermatology diagnosed him with some form of foliculitis.

Hiatt has brought suit for money damages against the Indiana Department of Corrections ("IDOC") and Corizon Medical ("Corizon") alleging a violation of his Eighth Amendment rights. Hiatt complains that the health care staff at Westville does not know how to treat his medical problems, prescribed medicine that potentially made his problems worse and he continues to suffer with the same rash and cysts.

To start, neither the IDOC or Corizon are proper defendants here. "[T]he Eleventh Amendment prohibits a suit in federal court in which the State or one of its agencies or departments is named as the defendant." *Moore v. State of Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993). Since

the IDOC is a state agency, it will be dismissed. Corizon is the private company which provides medical care at the prison. Hiatt is attempting to hold the company liable because it employs the medical staff. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez*, 251 F.3d at 651; *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). Because Hiatt's complaint against Corizon is that Corizon's medical staff has made poor decisions in connection with his care, Corizon will be dismissed as a defendant.

Even if Hiatt did name the individuals he believes are responsible for his deficient medical care, he has not adequately alleged an Eighth Amendment claim. In evaluating an Eighth Amendment claim, the court is mindful that inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Hiatt has failed to allege facts showing deliberate indifference. At best, he alleges negligence or a difference of opinion over his treatment. His allegations establish that he was seen by medical personnel on several occasions for his skin condition, they obtained his prior medical records, he was given a steroid shot, and prescribed a number of antibiotics. Although Hiatt disagrees with the diagnosis and complains his condition persists, this is insufficient to demonstrate deliberate indifference. Based on the complaint, Hiatt has fallen short of alleging the type of conduct that would rise to the level of an Eighth Amendment violation.

For these reasons, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A.

**SO ORDERED** on January 13, 2015.

                                                             s/ Joseph S. Van Bokkelen
                                                             Joseph S. Van Bokkelen
                                                             United States District Judge
                                                             Hammond Division